IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JOSEPH RODNEY BROOKS,

        Petitioner,

v.                          Case No. 1:17-cv-03129

BARBARA RICKARD, WARDEN,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Joseph Rodney Brooks' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction.

Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess and distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) in the United States District Court for the Western District of Virginia (hereinafter "the sentencing court"). *United States v. Brooks*, No. 5:06-cr-

00014-3.   Petitioner's plea agreement waived his right to file a direct appeal and to seek collateral relief concerning his sentence.   *Id.*, ECF No. 100.

On January 16, 2007, Petitioner was sentenced to serve 262 months of imprisonment, followed by a five-year term of supervised release.   *Id.*, ECF No. 122. Petitioner received, and did not object to, a guideline enhancement under USSG § 4B1.1 for being a career offender based upon two prior controlled substance offenses.[1] Petitioner did not appeal his Judgment to the United States Court of Appeals for the Fourth Circuit.

### B.    Petitioner's prior post-conviction filings.

On or about October 31, 2007, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court, raising claims of actual innocence and ineffective assistance of counsel.   Petitioner did not challenge the career offender enhancement.   On July 17, 2008, the sentencing court denied the section 2255 motion.   *Id.*, ECF No. 171.   On February 10, 2009, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal of the denial of his § 2255 motion. *United States v. Brooks*, No. 08-7290 (4th Cir. Feb. 10, 2009).   *Id.,* ECF No. 180.

On December 11, 2011, Petitioner filed a second § 2255 motion, which was denied by the sentencing court as an unauthorized second or successive motion on December 15, 2011.   *Id.*, ECF Nos. 192, 194, 195.   Petitioner has also been denied authorization to file a second or successive § 2255 motion by the Fourth Circuit.   *Id.*, ECF No. 191.   However,

---

[1]   USSG § 4B1.1(a) provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

on April 5, 2019, the sentencing court granted Petitioner's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) based upon § 404 of the First Step Act, which retroactively applied the amendments to the penalty provisions in 21 U.S.C. § 841(b). *Id.*, ECF No. 234. Thus, Petitioner's sentence was reduced to 188 months, followed by a four-year term of supervised release. *Id.* He was released to supervision on January 10, 2020.[2]

> ### C.     The instant petition for writ of habeas corpus.

At the time he filed this petition, Petitioner was incarcerated at FCI McDowell in Welch, West Virginia. However, he was released from Bureau of Prisons' custody on January 10, 2020. Nonetheless, his petition, which challenges the validity of his sentence, does not appear to be moot because he is presently serving his term of supervised release, which is part of his original sentence. *See United States v. Evans,* 159 F.3d 908, 913 (4th Cir. 1998); *United States v. Woodrup,* 86 F.3d 359, 362 (4th Cir. 1996) (supervised release is part of original sentence).

The instant petition documents (ECF Nos. 1 and 2) assert that Petitioner's prior Maryland controlled substance conviction does not qualify as a predicate offense for the career offender enhancement in light of the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Specifically, Petitioner contends that his prior conviction is broader than the generic controlled substance offense defined in the career offender guideline. Consequently, he contends that he does not meet the criteria for the career offender enhancement and must

---

2   Because Petitioner's reduced sentence still appears to be influenced by the career offender enhancement, the undersigned does not believe that the sentence reduction moots his present claim.

be resentenced without it.   Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

Presuming that Petitioner's claim is not mooted by his sentence reduction and release from custody, it clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Virginia.   Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.   However, Petitioner has already unsuccessfully filed a § 2255 motion in his court of conviction.   Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the Fourth Circuit under very limited circumstances.   *See* 28 U.S.C. § 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner's prior § 2255 motions were denied will not permit this court to review his claim under section 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Although *Wheeler* was decided after Petitioner filed this petition, it is the current governing authority for his claim.

Here, Petitioner essentially contends that the decisions in *Descamps* and *Mathis*[3] are new interpretations of statutory law, issued after his opportunity to file a direct appeal and a timely § 2255 motion and, thus, § 2255 is inadequate or ineffective to test the legality of his detention.   Petitioner also relies upon the United States Court of Appeals for the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016), which was a direct appeal relying on *Mathis* to conclude that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline.   Therefore, the court vacated a sentence for resentencing without the career offender enhancement.

Although Petitioner appears to be asserting that, pursuant to *Descamps* and *Mathis*, there has been an intervening change in substantive law that retroactively affects his case, those decisions involve a purely procedural rule that has not been made retroactive on collateral review.   Additionally, Petitioner may not rely upon *Hinkle*, as it is not a decision by his governing court of appeals.   *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted.")

Courts within the Fourth Circuit, where Petitioner was both convicted and is incarcerated, have found that *Descamps* and *Mathis* do not represent a substantive change in the law.   *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at

---

3  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law. Here, the petitioner asserts that his prior Maryland controlled substance conviction cannot serve as a predicate conviction for the career offender enhancement under the principles set forth in *Descamps* and *Mathis*.

*2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of section 2241 petition because *Mathis* does not apply retroactively).   Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review."   *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding section 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review).   Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review.[4]   Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test.

Moreover, even if Petitioner could satisfy the second prong of *Wheeler*, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.   *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).   In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the United States Sentencing Guidelines ("Guidelines") were mandatory.   *Id.* at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, <u>advisory</u> Guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong.

---

4   The case law applying *Mathis* relied upon in Petitioner's brief were direct appeals, which are distinguishable from collateral attacks.

*Id.* at 715 ("*Foote*5 undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). The court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, even if the career offender guideline was misapplied, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and, therefore, he fails to satisfy the § 2255(e) savings clause.

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claim by this court under § 2241. A claim that Petitioner's prior conviction was not properly used to enhance his sentence under the career offender guideline was available to him at the time that he could have filed a direct appeal and when he filed his prior § 2255 motion. In light of the fact that Petitioner has

---

5   In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. 784 F.3d at 932. The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id.* at 940, 944.

already unsuccessfully challenged his sentence in a prior § 2255 motion, he is likely barred from pursuing such a claim now.[6]   While this court could construe Petitioner's petition as a § 2255 motion and transfer it to his sentencing court, such action would be futile because the motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific

---

6 Additionally, the undersigned notes that Petitioner's claim is also likely barred by the collateral review waiver in his plea agreement.

written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

May 12, 2020

Dwane L. Tinsley
United States Magistrate Judge

10